UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:16-CV-23901-MARTINEZ/GOODMAN

KRISTIAN ZAMBER, on behalf of
himself and all others similarly situated,

    Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

    Defendant.

**AMERICAN AIRLINES, INC.'S REPLY IN SUPPORT OF ITS OBJECTIONS TO THE COURT'S ORDER ON DEFENDANT'S RENEWED MOTION TO CHANGE VENUE**

# ARGUMENT

Rather than respond substantively to the arguments for rejection or reversal that American Airlines, Inc. ("American") makes in its Objections, Plaintiff impugns American's good faith and accuses it of attempting delay. The record of this case does not support any claim that American has sought delay, and the law provides American the right to make its arguments to this Court, as it timely did—on the shortened time frame provided by Magistrate Judge Goodman.

Plaintiff's attempt to shift the conversation away from the express terms and conditions of his agreement with American is predictable. Those terms and conditions unambiguously provide that participants in American's free and valuable AAdvantage frequent flyer program must file claims like Plaintiff's in Tarrant County, Texas. Plaintiff breached that agreement when he filed in this Court instead. This entire choice of forum episode and all of the time and money spent on it would have been avoided if Plaintiff had honored his contract.

Plaintiff argues that the standard for reversal is high. True, but only if Magistrate Judge Goodman's Ruling is considered to be an "order." As the Magistrate Judge acknowledges, however, the Eleventh Circuit has not resolved whether a ruling on a motion to transfer venue should be treated as an order or report and recommendation. Plaintiff notably does not even respond to the law American cited indicating that a magistrate judge's decision with respect to a motion to transfer venue is routinely treated as a report and recommendation in this district—indeed, including in prior cases in which Magistrate Judge Goodman himself prepared a report and recommendation. *See* ECF 459 at 2 n.1 (collecting cases); *see also Garcia v. Thor Motor Coach, Inc.*, 2017 U.S. Dist. LEXIS 13933 (S.D. Fla. Jan. 31, 2017) (Martinez, J.) (adopting report and recommendation issued by Goodman, M.J., with respect to motion to transfer venue). As American pointed out, many courts treat rulings on a motion to transfer venue as

1

dispositive—thereby requiring a report and recommendation—because a successful motion to transfer venue terminates "activity in the case *in that forum*." *Payton v. Saginaw Cty. Jail*, 743 F. Supp. 2d 691, 693 (E.D. Mich. 2010). Should this Court treat the Magistrate Judge's ruling as a report and recommendation, this Court's review would, of course, be de novo. *See* 28 U.S.C. § 636(b). Plaintiff certainly seeks to avoid a de novo review and, plainly, this is why he focused his attention only on the clear error standard.

But even if the standard is clear error, American's papers demonstrated in detail that American did not waive its right to seek transfer and also why the facts here do not justify setting aside a valid forum-selection clause. ECF 459 at 1-8. In this regard, American noted especially that the Magistrate Judge's Ruling did not address the impact of the amended complaint, filed only months ago, which resulted in a "clean slate," *MG Design Assocs., Corp. v. CoStar Realty Info., Inc.*, 267 F. Supp. 3d 1000, 1011 (N.D. Ill. 2017), and with respect to which no substantive motions have been decided. ECF 459 at 6-8. Plaintiff offered no substantive response.[1]

Plaintiff separately criticizes American's submission of documents attempting to ensure that this Court has the benefit of the correct facts regarding certain items discussed in the beginning portions of the Ruling. That criticism is entirely inappropriate. To begin with, Plaintiff does not (and of course cannot) dispute that the Ruling overlooked the facts in this case in stating that Allianz's offers since 2012 uniformly: (1) featured an Allianz logo; (2) always used the word "recommended"; (3) always provided consumers with a box stating "Yes;" and (4) Always listed the word "Yes" first and in bold type. *See* ECF 457 at 6. As American explained

---

[1] Plaintiff wrongly argues that American's objections "fail to even city the applicable standard of review." ECF 460 at 1. But American did cite the applicable standard of review—if the Magistrate Judge's ruling is understood as an order rather than a report and recommendation, *but see supra* at n.1; ECF 459 at 2 n.1—on the second page of its Objections. *See* ECF 459 at 2 (acknowledging legal error / clear error standard applicable to magistrate judge orders).

in its opposition to class certification, "there have been over *1,400* specific trip insurance offers advertised by Allianz to American's customers on American's website" and "Allianz varies message content, appearance, and benefits" across that broad range of offers. ECF 352 at 3 (Opp. to Mot. for Class Certification). Given that there has been no need to address the breadth of offers to the putative class in meaningful detail until the class certification briefing, it is understandable for the Magistrate Judge to have misunderstood the number and content of those offers.

What apparently happened is the following. In connection with American's opposition to class certification and elsewhere, Plaintiff had claimed that the Allianz offer box uniformly provided that Allianz was the "licensed producer" of the insurance, and that this supposedly uniformly included statement was critical to the alleged deception at the heart of his case. In response, American was able to obtain a declaration from Begench Atayev, the Vice President for Market Management at Allianz, who provided 8 examples out of over 1,400 Allianz offers made to American customers in the applicable time period in order to demonstrate the falsity of Plaintiff's assertion that the statement was uniformly included.[2] ECF 352-3 at ¶¶ 2-3 (Atayev Decl.). It appears that the Ruling, however, may have misapprehended the Atayev Declaration, believing it to show that "for all consumers [Allianz's] offer box uniformly contained [certain] characteristics" common to those 8 examples. ECF 457 at 6 (Venue Ruling). With a series of important substantive rulings pending within this Court in the event that American's motion to transfer venue is not granted, American thought it important to clarify the facts.[3]

---

[2] After being confronted with this evidence, Plaintiff effectively abandoned any reliance on that statement in an attempt to salvage its motion for class certification. *See, e.g.*, ECF 365 (Reply iso Mot. for Class Certification) (not even mentioning the statement).

[3] To be completely clear, in light of the shortened time frame provided for submitting Objections, it was not possible to review the majority of the over 1,400 Allianz offers made

In this light, Plaintiff's criticism makes little sense. He cannot dispute the correctness of the clarification. And to the extent that he is suggesting that American should have remained silent and allowed this Court to misunderstand the facts and make future rulings based on a misimpression of the record, that is obviously improper. In any event, Plaintiff himself acknowledges that the Magistrate Judge's view about the content of Allianz's offers is irrelevant to the venue motion at hand. ECF 460 at 2. American does not disagree—it simply provided the information it did to correct any misunderstanding about the facts.

Plaintiff finally questions certain evidentiary or procedural matters regarding the use of the documents. Those contentions are wrong. To begin with, Plaintiff made no such objections when American previously submitted example offers from Mr. Atayev. For good reason. Any question of authenticity is resolved by Mr. Atayev's declaration, which authenticates that the offers are what they claim to be. *See* Fed. R. Evid. 901. Moreover, the Rule 26 disclosure requirements are applicable only to documents in *American*'s control. Here, as Plaintiff acknowledges, the sample offers were provided by (and were in control of) a "non-party."[4] ECF 460 at 2.[5]

---

during the applicable time period. The examples provided are not intended to represent an exhaustive list of offers during the applicable time period that do not share the characteristics identified in the Ruling.

[4] Certainly, given the assertion by Allianz and American that Allianz had made over 1,400 types of offers to American's customers, Plaintiff has been well aware that he did not have copies of those offers. In fact, Plaintiff has known since at least April 26, 2018, when he took Allianz's 30(b)(6) deposition, that there were well in excess of 100 distinct offers made by Allianz to American's customers. But, so far as American is aware, Plaintiff made no efforts to obtain them.

[5] Plaintiff also tries to suggest (at 2) that Magistrate Judge Goodman noted that American knew that it was sharing commissions in violation of law. That substantially mischaracterizes what Magistrate Judge Goodman actually said, which was principally commenting on what *Plaintiff* alleged. ECF 457 at 7. In any event, Plaintiff does not offer any rebuttal to American's showing that Florida law would not prohibit American's receipt of commissions. ECF 459 at 10.

Because American established that reversal is proper, and Plaintiff does not seriously respond to those arguments, this Court should sustain American's Objections.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's ruling should be reversed and this matter transferred to the Northern District of Texas.

Dated: January 9, 2020                                        Respectfully submitted,

/s/ Humberto H. Ocariz
Humberto H. Ocariz
hocariz@shb.com
Florida Bar No.: 740860
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305.358.5171
Facsimile: 305.358.7470

-- and --

James E. Brandt (*Pro Hac Vice*)
james.brandt@lw.com
Elizabeth (Betsy) Marks (*Pro Hac Vice*)
betsy.marks@lw.com
**LATHAM & WATKINS, LLP**
885 Third Avenue
New York, New York 10022-4834
Telephone: 212.906.1200
Facsimile: 212.751.4864

*Attorneys for American Airlines, Inc.*

5